1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.R.L.L., | Case No. 1:11-CV-01799-SMS |
| Plaintiff, | ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff's attorney, Laura E. Krank ("Counsel"), has applied for attorney fees permitted by section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), for representing Plaintiff before this Court under a written contingent-fee agreement. Doc. 30. Defendant Commissioner has filed a brief taking no position on Plaintiff's request. Doc. 32. Having reviewed the motion and its supporting documentation, as well as the case file, this Court awards the requested attorneys' fees.

## I. INTRODUCTION

After receiving a final denial of an application for supplemental security income under the Social Security Act, Plaintiff filed an action seeking judicial review under 42 U.S.C. § 405(g). Doc. 2. Thereafter, the parties filed their stipulation and proposed order for voluntary remand under sentence four of 42 U.S.C. § 405(g) and the Court remanded Plaintiff's claim. Docs. 25, 26, 27. Pursuant to the parties' stipulation, this Court then ordered payment of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of $3,250.00. Docs. 28, 29. Plaintiff then received a Notice of Award of past-due benefits in July 24, 2013, followed by a

1

revised version in August 21, 2013. Doc. 30 at 9 and Doc. Nos. 30-4, 30-5.

Under a contingent-fee agreement, Plaintiff agreed to pay Counsel up to 25% of any past-due benefits award. Doc. 30 at 9 and Doc. 30-2. Counsel now seeks $7,805.00 pursuant to 42 U.S.C. § 406(b), which provides for a 25% cap on fees an attorney may charge a Social Security claimant for representation in federal court under a contingent-fee agreement. Doc. 30 at 2, 4, 5, 6, 7. 42 U.S.C. § 406(b)(1)(A). Counsel has served a copy of the Motion on Plaintiff. Doc. 30 at 11.

The Commissioner of Social Security was not a party to the contingent-fee agreement between Counsel and Plaintiff. However, the Commissioner has a role "resembling that of a trustee" for Plaintiff. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n.6 (2002). In that role, the Commissioner filed a response containing its analysis of the requested fees. Doc. 32.

## II. DISCUSSION

This Court has jurisdiction to determine the reasonableness of the requested fees pursuant to 42 U.S.C. § 406(b)(1)(A), which provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *See also Gisbrecht*, 535 U.S. at 808 (holding that contingent-fee agreements are not enforceable to the extent that they provide for fees exceeding 25% of the past-due benefits). The Court provides "an independent check" to assure that contingency fee agreements between Social Security claimants and their attorneys will "yield reasonable results in particular cases." *Id*. at 807.

In *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc), the Ninth Circuit held that, in reviewing the reasonableness of fees requested under § 406(b), a district court should not merely make a lodestar calculation but rather should credit and consider the contingent-fee agreement and perform a reasonableness test mandated by *Gisbrecht*. *Id*. at 1149-50. The Court noted that district courts should look first to the fee agreement, then test it for reasonableness by examining "whether the amount need be reduced, not whether the lodestar amount should be enhanced." *Id*. at 1149. Therefore, as set forth in *Gisbrecht* and reiterated in *Crawford*, district courts "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on

the case." *Id.* at 1151 (citing *Gisbrecht*, 535 U.S. at 808). However, in analyzing "'the character of the representation and the results the representative achieved'" district courts may consider the lodestar calculation "*only as an aid* in assessing the reasonableness of the fee." *Id.* (quoting *Gisbrecht*, 535 U.S. at 808) (emphasis in original).

Here, the effective hourly rate for Counsel's services is $429.39 an hour. In considering whether the hourly rate requested by Counsel is reasonable, the Court may consider the effective hourly rates resulting from awards in other cases. *See, e.g., Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036-37 (N.D. Cal. 2003) (reviewing cases with awards of effective hourly rates ranging from $187.55 to $694.44, and awarding effective hourly rate of $450.00).

"[D]istrict courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D.Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's attorneys accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. Working efficiently and effectively, the attorneys secured a remand, and ultimately, the award of substantial benefits to Plaintiff.

### III. CONCLUSION AND ORDER

Accordingly, this Court hereby GRANTS Plaintiff's petition for attorneys' fees of $7,805.00. As Counsel has previously been awarded $3,250.00 under the Equal Access to Justice Act (EAJA) for work before this Court, Counsel shall refund this amount to Plaintiff.

**IT IS SO ORDERED.**

**DATED:  10/2/2013**                          **/s/ SANDRA M. SNYDER**
                                                **UNITED STATES MAGISTRATE JUDGE**